IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN W. THOMAS, JR.,

    Plaintiff,

vs.                                Case No. 4:11cv288-RH/WCS

STEPHANIE WALTERS,
DETECTIVE PEARSON,
JUDGE DODSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 on June 13, 2011. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee, doc. 7, the complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is currently housed at the Leon County Jail. Doc. 1. His complaint is against the assistant state attorney, a detective, and the state court judge who presided over a suppression hearing. *Id.* Plaintiff contends that the attorney and the detective tampered with evidence (a tape recording) so that the jury did not get to hear the

detective threaten Plaintiff about his wife and son to get Plaintiff to say he would "take the charge." *Id.*, at 5-6.  Plaintiff contends that it was a malicious prosecution and his rights to a fair trial and fair suppression hearing were violated.  *Id.*, at 7.  As relief, Plaintiff seeks a "new trial or release, or overturn [the ruling on his] motion to suppress." *Id.*

Plaintiff's claims cannot go forward in this civil rights action.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  While Plaintiff does not seek monetary damages, he seeks relief that would reverse or invalidate his conviction.  That is only possible through the filing of a writ of *habeas corpus*, *after* Plaintiff has exhausted state court remedies.  Heck, 512 U.S. at 481, 114 S. Ct. at 2369, *citing* Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  A civil rights action cannot be used to collaterally challenge a conviction.

In light of the foregoing, it is respectfully **RECOMMENDED** that the complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2011.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**